# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-1421V**
**Filed: March 26, 2019**
UNPUBLISHED

AMY CAPESIUS,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Special Processing Unit (SPU); Attorneys' Fees and Costs.

*Isaiah Richard Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Lara Ann Englund, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 3, 2017, Amy Capesius ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury as a result of an influenza ("flu") vaccine she received on November 11, 2016. Petition at 1. On October 5, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. Decision dated Oct. 5, 2018 (ECF No. 39).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 2, 2018, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Fees and Costs ("Pet. Mot. for Fees") (ECF No. 44). Petitioner requested attorneys' fees in the amount of $20,065.00 and attorneys' costs in the amount of $1,478.83. *Id.* at 1-2. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $21,543.83.

On November 13, 2018, respondent filed a response to petitioner's motion. Respondent's ("Resp.") Response (ECF No. 45). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. On November 16, 2018, petitioner filed a reply. Pet. Reply (ECF No. 46). Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorneys' fees and costs in this case are reasonable.

The undersigned issued a decision on December 7, 2018, granting petitioner's motion in part and awarding $20,691.63 in attorneys' fees and costs. However, on December 28, 2018, petitioner filed a motion for reconsideration of the fee decision. Mot. for Reconsideration (ECF No. 49). Petitioner challenges the undersigned's reduction of attorneys' fees due to duplicative and administrative billing entries. *Id.* at 1-2. Specifically, petitioner asserts that "Petitioner's Counsel never billed for the same task between attorneys or between paralegals, and thus cannot be said to be duplicative as that rule has been properly applied." *Id.* at 2. Respondent did not file a response at that time. On January 7, 2019, the undersigned granted the motion for reconsideration and withdrew the original decision. Order dated Jan. 7, 2019 (ECF No. 50). The undersigned allowed respondent until March 8, 2019, to respondent to the arguments set forth in petitioner's motion for reconsideration, but respondent did not submit a response. *See* Order dated Feb. 6, 2019 (ECF No. 51).

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I. Legal Standards

### A. Reconsideration

Vaccine Rule 10(e), which governs motions for reconsideration, provides, "[e]ither party may file a motion for reconsideration of the special master's decision within 21 days after the issuance of the decision . . . ." Vaccine Rule 10(e)(1). A party seeking reconsideration "must support the motion by a showing of extraordinary circumstances which justify relief." *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999). The motion for reconsideration "must be based 'upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court.'" *Prati v. United States*, 82 Fed. Cl. 373, 376 (2008) (quoting *Fru-Con Constr. Corp.*, 44 Fed. Cl. at 300).

"A court may grant [a motion for reconsideration] when the movant shows '(1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or 3) that the motion is necessary to prevent manifest injustice." *System Fuels, Inc. v. United States*, 79 Fed. Cl 182, 184 (2007) (quoting *Amber Resources Co. v. United States*, 78 Fed. Cl. 508, 514 (2007)). Granting such relief requires "a showing of extraordinary circumstances." *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (citation omitted), *cert. denied*, 546 U.S. 826 (2005). Special masters have the discretion to grant a motion for reconsideration if doing so would be in the "interest of justice." Vaccine Rule 10(e)(3).

Petitioner does not claim that there has been an intervening change in the law, nor does she contend that there is new evidence that was unavailable at the time the undersigned issued the decision. Thus, to prevail on her motion for reconsideration, petitioner must demonstrate that the denial of her motion would result in manifest injustice. *See Hall v. Sec'y of Health & Human Servs.*, 93 Fed. Cl. 239, 251 (2010), *aff'd*, 640 F.3d 1351 (Fed. Cir. 2011); Vaccine Rule 10(e)(3). As noted by other special masters, there is little case law interpreting Vaccine Rule 10(e)(3) beyond the conclusion that it is within the special master's discretion to decide what the "interest of justice" is in a given case. *See Krakow v. Sec'y of Health & Human Servs.*, No 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011) (granting reconsideration of motion to dismiss case for failure to prosecute).

### B. Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## II. Discussion

The undersigned withdrew her original decision in order to conduct a more thorough review of petitioner's documentation of fees and cost, as well as the legal issues raised in petitioner's motion for reconsideration. However, upon reconsideration, the undersigned does not find that the interest of justice requires any change in the award of attorneys' fees. Therefore, while the undersigned has not changed the amount awarded, she has provided additional analysis to support her decision below.

### A. Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reducing overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reducing overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209.

Billing records show that 4 attorneys, 8 paralegals and a law clerk billed time on this case, with some billing less than one hour. This resulted in multiple reviews of the same records and orders, as well as updates to the same entries on files. For example, the attorneys and the paralegals list 41 separate entries as reviewing electronic court notifications, totaling 4.6 hours of time.[3] Petitioner, however, maintains that "[b]ecause of the division of tasks between attorneys and paralegals, both must review the Orders of the Court for the tasks applicable to each." Mot. for Reconsideration at 5.

The undersigned certainly appreciates the efforts of petitioner's counsel, Mr. Kalinowski, to properly supervise his firm's paralegals and properly attend to each filing. However, routine filings should not require billable review by both the attorney of record and the assigned paralegal. *See Van Vessem v. Sec'y of Health & Human Servs.*, No. 11-132V, 2018 WL 3989517, at *7 (Fed. Cl. Spec. Mstr. July 3, 2018) (finding that "it is not reasonable for both an

[3] Examples of these entries include: October 6, 2017 (0.20 hrs ACT) "Review initial order; notice of appearance"; October 6, 2017 (0.10 hrs EKM) "Review electronic notice. Review initial order and save to client file. Calendar deadline"; October 6, 2017 (0.10 hrs EKM) "Review electronic notice. Review notice of appearance and save to client file. Calendar deadline"; June 1, 2018 (0.10 hrs EKM) "Review electronic notice. Review and download 240 day Order"; June 4, 2018 (0.10 IK) "Review 240-day Notice from the Court"; August 27, 2018 (0.10 hrs KAG) "Review electronic notice. Review and download order. Calendar deadline"; August 27, 2018 (0.10 hrs IK) "Review Status Report Order"; October 3, 2018 (0.10 IK) "Review Ruling on Entitlement of the Court"; October 3, 2018 (0.10 hrs KAG) "Review electronic notice. Review and download Ruling on Entitlement." Pet. Exhibit ("Ex.") 16 at 6, 11, 13-14. These entries are merely examples and not an exhaustive list.

attorney and a paralegal to bill for reviewing each filing in the case"). Here, it appears that the filings subject to duplicative review include the following: the initial Special Processing Unit order; a notice of appearance; a one-page order finding that petitioner's motion to strike was moot; a notice granting a motion to substitute counsel; the 240-day notice; and a two-sentence status report from respondent. Pet. Ex. 16 at 6, 8, 11-12. Considering Mr. Kalinowski's 13 years as a practicing attorney, as well as his considerable experience in the Vaccine Program, simple filings like these should not require such extensive collaboration between the attorney of record and support staff.[4] *See* Pet. Ex. 19.

For these reasons, the undersigned shall reduce the request for attorney's fees by **$353.40**[5], the total of the duplicated hours at the paralegal rates.

### B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing *Rochester*, 18 Cl. Ct. at 387). A total of 2.7 hours was billed by paralegals and attorneys on tasks considered administrative[6], including receiving documents, reviewing and organizing the client

[4] Moreover, to the extent that the paralegals' work involved calendaring deadlines and other routine processing, petitioner's counsel is reminded that such administrative tasks are not billable. *See Silver v. Sec'y of Health & Human Servs.*, No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (describing the tasks associated with "receiving, reviewing, and processing" court orders, including noting deadlines, as clerical or administrative); *A.A. v. Sec'y of Health & Human Servs.*, No. 15-597V, 2018 U.S. Claims LEXIS 762, at *11 (Fed. Cl. Spec. Mstr. May 31, 2018) (noting that the task of downloading files is administrative); *S.O. v. Sec'y of Health & Human Servs.*, No. 08-125V, 2018 U.S. Claims LEXIS 398, at *11 (Fed. Cl. Spec. Mstr. Apr. 5, 2018) (describing "receiving docket notices" and "updating calendars" as administrative tasks).

[5] This amount consists of (0.60 hrs x $145 = $87.00) + (1.80 hrs x $148 = $266.40) = $353.40.

[6] Examples of these entries include: June 6, 2017 (0.10 hrs) "Send out payment for medical records from Touchstone Imaging"; October 6, 2017 (0.10 hrs) "Review electronic notice. Review notice of Petition filed. Update case information"; February 10, 2018 (0.20 hrs) "Make personal notes to file regarding transfer of case"; April 3, 2018 (0.10 hrs) "Review and finalize Motion to Substitute Attorney of Record and review electronic notice"; October 23, 2018 (0.10 hrs) "Receipt of signed statement regarding general order #9. Update notes to file." Pet. Ex. 16 at 4, 6, 9, 11, 15. These entries are merely examples and not an exhaustive list.

file, and mailing documents. Therefore, the undersigned reduces the request for attorneys' fees by **$498.80**[7], the total amount of the entries considered administrative.

### III. Attorney Costs

Petitioner requests reimbursement for costs incurred by Maglio Christopher & Toale in the amount of $1,478.83. Pet. Ex. 17 at 2. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's request and awards the full amount of attorney costs sought.

### IV. Conclusion

**Accordingly, the undersigned awards the total of $20,691.63[8] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Isaiah Richard Kalinowski. Petitioner requests that the check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[7] This amount consists of (0.80 hrs x $145 = $116.00) + (1.5 hrs x $148 = $222.00) + (0.40 hrs x $402 = $160.80) = $498.80.

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against the client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.